**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GRANT MOLLA,
on behalf of the Gerdau Ameristeel
US 401(k) Retirement Plan, himself,
and all others similarly situated,

      Plaintiff,                     Case No. 8:22-cv-02094-VMC

v.

GERDAU AMERISTEEL US, INC.,
and the GERDAU BENEFITS PLANS
ADMINISTRATIVE COMMITTEE,

      Defendants.
_____/

**JOINT MOTION TO STAY PROCEEDING PENDING**
**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff, Grant Molla ("Plaintiff"), and Defendants Gerdau Ameristeel US,

Inc., and the Gerdau Benefits Plan Administrative Committee (both referred to as

"Defendants") (collectively "the Parties"), through undersigned counsel, file this

Joint Motion to Stay Proceedings Pending Exhaustion of Administrative Remedies,

and in support state as follows:

1.      On September 9, 2022, Plaintiff filed a class action Complaint against

Defendant in this court (ECF No. 1).

2.      The Complaint purports to state a putative class action under the

Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically,

Plaintiff's Complaint alleges Defendants breached their fiduciary duties in administering the Gerdau Ameristeel US 401(k) Retirement Plan ("Plan").

3.     The Plan is governed by a Plan Document. Defendants contend that section 3.16 of the Plan Document includes a mandatory, pre-suit administrative claim exhaustion procedure.

4.     While Plaintiff believes that such exhaustion is likely excusable and/or futile, rather than burdening the Court with heavy briefing on a procedural issue, Plaintiff has agreed to work cooperatively with Defendants to exhaust his administrative remedies.

5.     The Parties now file this Motion asking the Court to stay this action while Plaintiff complies with the administrative claims procedure as to all pending claims before this Court.

6.     Due to the mandatory administrative claims procedure in the Plan that requires Plaintiff to submit any claim to the Plan Administrator for determination, the Parties have agreed that Plaintiff must exhaust their administrative remedies under the Plan before re-commencing, if necessary, this litigation.

7.     The Parties anticipate that this process will likely take between 90 and 210 days. Should the Court grant this Motion, Plaintiff will initiate the exhaustion process within 14 days of the Court's order.

8.      The Parties now stipulate to stay this action in favor of pursuing the administrative claims procedure as to all claims pending before this Court.

9.      The Parties further stipulate and ask the Court retain jurisdiction should Plaintiff seek additional recourse.

**WHEREFORE**, the Parties respectfully request the Court enter an Order ratifying the Stipulation to stay this Action Pending Administrative Review and retain jurisdiction over this matter upon completion of the administrative process.

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO STAY PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff, Grant Molla ("Plaintiff"), and Defendants Gerdau Ameristeel US, Inc., and the Gerdau Benefits Plan Administrative Committee (both referred to as "Defendants") (collectively "the Parties"), respectfully submit this Memorandum of Law in Support of their Joint Motion to Stay this proceeding for purposes of Plaintiff exhausting his administrative remedies under the Gerdau Ameristeel US 401(k) Retirement Plan ("Plan") document before re-commencing, if necessary, this litigation.

## I.      BACKGROUND

Plaintiff is a participant in the Plain. (ECF 1 No. 1, ¶¶ 8, 19.) Plaintiff sues on behalf of the Plan and its participants and beneficiaries seeking benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1, ¶ 9.) Plaintiff alleges that Defendants breached their fiduciary duties by paying excessive

recordkeeping fees, failing to select the cheapest share class for Plan investments, and investing in actively managed funds instead of passively managed funds. (ECF No. 1, ¶¶ 59-139.)

## II.    THE PLAN DOCUMENT

The Plan is a defined contribution, individual account, employee retirement plan. (ECF No. 1, ¶¶ 15-18.) Defendant Gerdau Ameristeel US, Inc. is the plan sponsor under 29 U.S.C. 1002(16)(A)(i). Gerdau Ameristeel US, Inc. delegated its role as Plan Administrator to Defendant Gerdau Benefits Plan Administrative Committee (the "Committee"). The Committee has complete control over the administration of the Plan, with all powers necessary to enable it to carry out its duties in that respect.

The Plan establishes mandatory administrative claims procedures. (Plan Document, Section 3.16(c).) Specifically, the Plan Document states that "[a] person may not bring an action pertaining to the Plan until he has exhausted his administrative claims and appeal remedies pursuant to subsections (a) and (b)" of Section 3.16 of the Plan Document.

## III.   LEGAL AUTHORITY

The Parties contend that staying this action is appropriate because Plaintiff has not yet exhausted the Plan's mandatory administrative claims review procedure, as required in the Eleventh Circuit before filing suit. *See Lanfear v. Home Depot,*

*Inc.*, 536 F.3d 1217, 1224 (11th Cir. 2008); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1326-28 (11th Cir. 2006); *see also Johnson v. University of Tampa*, 8:21-cv-01005-MSS-CPT, (M.D. Fla. July 6, 2021) (ECF No. 21) (granting nearly identical joint motion to stay filed in ERISA retirement plan case pending exhaustion of administrative remedies by the Named Plaintiff).

The Parties respectfully submit this Memorandum of Law in Support of their Joint Motion to Stay this proceeding for purposes of Plaintiff exhausting his administrative remedies under the Gerdau Ameristeel US 401(k) Retirement Plan document before re-commencing, if necessary, this litigation.

Despite the disagreement over the futility of pursuing exhaustion, the Parties have conferred and have reached agreement that staying this matter serves the interests of judicial economy and preserves resources. Accordingly, the Parties respectfully ask the Court to stay this litigation while Plaintiff exhausts his Plan administrative remedies.

## IV.   CONCLUSION

The Parties respectfully request that this Court enter an Order granting their Joint Motion to Stay this Action Pending Exhaustion of Administrative Remedies. The Plan's administrative review process was designed to address all claims—including Plaintiff's alleged ERISA statutory violations. The Parties jointly ask that the Court stay this matter while Plaintiff exhausts the Plan's administrative remedies.

Dated this 30th day of September, 2022.

Respectfully submitted,

<table>
<tr>
<td valign="top">

By:  */s/Brandon J. Hill*  
  Brandon J. Hill  
  Amanda E. Heystek  
  Luis A. Cabassa  
  Wenzel Fenton Cabassa, P.A.  
  1110 N. Florida Ave. Suite 640  
  Tampa, FL 33602  
  Tel: 813-379-2560  
  Fax: 813-229-8712  
  Aheystek@wfclaw.com  
  lcabassa@wfclaw.com  
  bhill@wfclaw.com  
  Attorneys for Plaintiff

</td>
<td valign="top">

By:  */s/Brett J. Preston*  
  Brett J. Preston (FBN: 603716)  
  brett.preston@hwhlaw.com  
  michelle.armstrong@hwhlaw.com  
  HILL, WARD & HENDERSON, P.A.  
  101 East Kennedy Blvd., Suite 3700  
  Post Office Box 2231  
  Tampa, Florida 33601  
  (813) 221-3900 (Telephone)  
  (813) 221-2900 (Facsimile)  
  Attorneys for Defendants

</td>
</tr>
</table>

*/s/ Marc R. Edelman*  
**MARC R. EDELMAN, ESQ.**  
Fla. Bar No. 0096342  
**MORGAN & MORGAN, P.A.**  
201 N. Franklin Street, Suite 700  
Tampa, FL 33602  
Telephone 813-577-4722  
Fax: 813-257-0572  
MEdelman@forthepeople.com  
Attorney for Plaintiff

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 30th day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: *<u>/s/Marc Edelman</u>*