```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

GRANT MOLLA,
on behalf of the Gerdau
Ameristeel US 401(k) Retirement
Plan, himself, and all others
similarly situated,

    Plaintiff,

v.                              Case No. 8:22-cv-2094-VMC-SPF

GERDAU AMERISTEEL, US, INC.,
and GERDAU BENEFITS PLANS
ADMINISTRATIVE COMMITTEE,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Gerdau Ameristeel US, Inc., and the Gerdau Benefits Plans Administrative Committee's Motion to Dismiss (Doc. # 32), filed on December 7, 2023. Plaintiff Grant Molla filed a response to the Motion on January 19, 2024. (Doc. # 39). For the reasons set forth below, the Motion is granted.

**I.   Background**

Plaintiff is a participant in the Gerdau Ameristeel US 401(k) Retirement Plan ("Plan"). (Doc. # 1 at ¶ 8). On September 9, 2022, plaintiff filed suit on behalf of the Plan, himself, and all others similarly situated against Gerdau

1

Ameristeel US, Inc. and the Gerdau Benefits Plans Administrative Committee ("Committee"). (Doc. # 1). Plaintiff alleges that defendants are fiduciaries of the Plan and that they breached their fiduciary duties of prudence in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Id.). Specifically, plaintiff asserts that defendants "cost the Plan and its participants millions of dollars" "by caus[ing] the Plan to pay unreasonable and excessive fees for recordkeeping and other administrative services." (Id. at ¶¶ 8, 12, 135-39).

Shortly after plaintiff filed his complaint, the parties jointly filed a motion to stay the proceedings pending exhaustion of administrative remedies. (Doc. # 12). While plaintiff did not necessarily believe that exhaustion was necessary, he agreed to comply with the "mandatory, pre-suit administrative claim exhaustion procedure" outlined in the Plan's governing document. (Id. at ¶¶ 3-4). On October 1, 2022, the Court stayed the case pending exhaustion of administrative remedies. (Doc. # 13).

On November 13, 2024, the parties jointly moved to lift the stay. (Doc. # 23). The parties informed the Court that the claim review process was complete and that "the retirement plan committee considered and timely denied Plaintiff's

2

claim," as well as his appeal. (Id. at ¶ 7). The Court granted the motion and reopened the case. (Doc. # 24).

On December 7, 2023, defendants moved to dismiss the complaint. (Doc. # 32). Plaintiff responded on January 19, 2024. (Doc. # 39). The Motion is now ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its

3

consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

Defendants assert that plaintiff's complaint must be dismissed for a single reason: the complaint does not allege that plaintiff exhausted his administrative remedies or that the Committee denied his claim, nor asserts that the Court should overturn the Committee's decision. (Doc. # 32 at 1). Plaintiff counters that he is not required to plead exhaustion when the parties do not dispute that he exhausted his administrative remedies. (Doc. # 39 at 1). Of course, the complaint did not allege exhaustion because plaintiff filed his complaint before engaging in the administrative claim review process. (Doc. ## 1, 12). The parties do not dispute that plaintiff has now exhausted his administrative remedies. (Doc. # 32 at 8; Doc. # 39 at 1).

Plaintiff seeks to bring a class action pursuant to Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, for breaches of fiduciary duties. (Doc. # 1 at ¶ 1). "[A] participant, beneficiary or fiduciary" can bring a civil action "for appropriate relief under [S]ection 1109." 29

4

U.S.C. § 1132(a)(2). Section 1109 provides for liability for breaches of fiduciary duties, stating in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). ERISA requires that "a fiduciary . . . discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). In doing so, a fiduciary must discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." Id. § 1104(a)(1)(B).

"To state a claim for breach of fiduciary duty under ERISA, the plaintiff must plead (1) that the defendant is a plan fiduciary; (2) that the defendant breached its fiduciary

5

duty; and (3) that the breach resulted in harm to the plaintiff." Stengl v. L3Harris Techs., Inc., No. 6:22-cv-572-PGB-LHP, 2023 WL 2633333, at *7 (M.D. Fla. Mar. 24, 2023) (quoting Allen v. GreatBanc Trust Co., 835 F.3d 670, 678 (7th Cir. 2016)) (internal quotation marks omitted); Lopez v. Embry-Riddle Aeronautical Univ., Inc., No. 6:22-cv-1580-PGB-LHP, 2023 WL 7129858, at *6 (M.D. Fla. July 12, 2023) (quoting Allen, 835 F.3d at 678) (internal quotation marks omitted).

In addition to these elements, the Eleventh Circuit has long required that plaintiffs exhaust administrative remedies before pursuing a claim for either benefits under ERISA or statutory violations of ERISA, unless use of the administrative claims procedures would be futile. See Byrd v. MacPapers, Inc., 961 F.2d 157, 160 (11th Cir. 1992) ("Eleventh Circuit precedent requires employees to exhaust these procedures before filing suit for benefits under ERISA. . . . [However,] an exception should be recognized for pleading impossibility of exhaustion in cases where claims procedures prove futile." (citations omitted)); Mason v. Continental Grp., Inc., 763 F.2d 1219, 1227 (11th Cir. 1985) (holding that "the district court did not err in holding that plaintiffs must exhaust their remedies under the pension plan agreement before they may bring their ERISA claims in federal

6

court"); Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 n.6 (11th Cir. 2000) ("We apply this exhaustion requirement to both ERISA claims arising from the substantive provisions of the statute, and ERISA claims arising from an employment and/or pension plan agreement."); Id. at 1316 ("Thus far, our circuit has recognized exceptions only when 'resort to administrative remedies would be futile or the remedy inadequate,' . . . . or where a claimant is denied 'meaningful access' to the administrative review scheme in place . . . ." (citations omitted)).

The Eleventh Circuit has also explicitly required exhaustion when a plaintiff pleaded a breach of fiduciary duties under ERISA. E.g., Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1223-24 (11th Cir. 2008) ("The exhaustion requirement applies to complaints for breach of fiduciary duty under ERISA regardless of whether the breach was committed by a third-party administrator of the plan or the employer."). This requirement stems from ERISA's dictate that employers "establish procedures for reviewing employees' claims under their employee benefits plans." Byrd, 961 F.2d at 160 (citing 29 U.S.C. § 1133).

Based on this requirement to exhaust administrative remedies or establish a valid excuse for failing to do so, a

7

plaintiff asserting a claim under ERISA must plead exhaustion of administrative remedies or that a court should excuse exhaustion. See Garcon v. United Mutual of Omaha Ins. Co., 779 F. App'x 595, 599 (11th Cir. 2019) ("[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court, unless a district court excuses the exhaustion requirement . . . . The plaintiff must plead that he has exhausted available administrative remedies." (citations and internal quotation marks omitted)); Byrd, 961 F.2d at 160 (affirming dismissal of an ERISA claim based on the holding "that the district court did not abuse its discretion in finding that plaintiff failed to plead exhaustion of administrative remedies or impossibility"); Bolton v. Inland Fresh Seafood Corp. of Am., Inc., No. 1:22-cv-04602-LMM, 2023 WL 9196735, at *3 (N.D. Ga. Dec. 5, 2023) ("The Eleventh Circuit requires an ERISA plaintiff to affirmatively plead exhaustion or an exception to the rule on the face of the complaint." (citations omitted)); In re Managed Care Litig., 595 F. Supp. 2d 1349, 1353 (S.D. Fla. Jan. 28, 2009) ("[T]he Eleventh Circuit requires [a] plaintiff to affirmatively plead exhaustion on the face of the complaint." (citations omitted)).

In short, because plaintiffs must exhaust the applicable administrative claims procedures, courts within the Eleventh Circuit have dismissed claims for breach of fiduciary duties under ERISA for failing to plead information related to exhaustion of administrative remedies. E.g., Kennedy v. Geronemus, No. 10-61153-CIV-ALTONAGA/Brown, 2010 WL 11549886, at *1, *4 (S.D. Fla. Nov. 4, 2010) (dismissing a claim under ERISA for breach of fiduciary duties when the plaintiffs failed to allege futility and inadequacy of use of administrative remedies in the complaint).

Plaintiff argues that this case is different from those cited by defendants because the parties do not dispute that plaintiff has now exhausted his administrative remedies. (Doc. # 39 at 3-4). Based on the parties' shared understanding, plaintiff argues, the complaint need not plead either that plaintiff exhausted his administrative remedies or that plaintiff is excused from doing so. (Id.).

The Court disagrees. The parties' mutual agreement that plaintiff has exhausted his administrative remedies does not excuse plaintiff from pleading this fact in his complaint. Admittedly, the Eleventh Circuit does not appear to have caselaw that explicitly addresses whether a plaintiff must amend their complaint to plead exhaustion of administrative

9

remedies in this situation. In several cases within this circuit in which the cases have been reopened upon exhaustion of administrative remedies, however, parties have been required to file an amended complaint stating that they have exhausted their administrative remedies or have voluntarily filed an amended complaint that pleads exhaustion. E.g., In re Managed Care Litig., Nos. 00-1334-MD, 05-23326-CIV, 2009 WL 2004206, at *1 (S.D. Fla. July 9, 2009) (dismissing the second amended complaint "without prejudice to re-file concomitantly with the Plaintiffs' ERISA allegations, if and when the Plaintiffs plead that they have exhausted all administrative remedies," and stating that plaintiffs could file a motion to reopen the case "to file another amended complaint that satisfies the requirement to plead exhaustion of administrative remedies with respect to the ERISA claims"); In re Managed Care Litig., Nos. 00-1334-MD, 05-23206-CIV, 2009 WL 2004209, at *1 (S.D. Fla. July 9, 2009) (same); Lanfear v. Home Depot, Inc., No. 1:07-cv-197-ODE (Doc. # 70) (N.D. Ga. Oct. 8, 2009) (granting plaintiffs leave to file a third amended complaint following exhaustion of administrative remedies).

These cases convince the Court that a plaintiff must still plead exhaustion of administrative remedies even when

10

the parties do not dispute this fact. Therefore, to proceed with this action, plaintiff must file an amended complaint that pleads exhaustion of administrative remedies.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Gerdau Ameristeel US, Inc., and the Gerdau Benefits Plans Administrative Committee's Motion to Dismiss (Doc. # 32) is **GRANTED**.

(2) The complaint is **DISMISSED** without prejudice.

(3) If he wishes to proceed on his ERISA claim, Plaintiff Grant Molla must file an amended complaint within 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of July, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11