UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRANT MOLLA,
on behalf of the Gerdau Ameristeel
US 401(k) Retirement Plan, himself,
and all others similarly situated,

    Plaintiff,

v.   Case No. 8:22-cv-2094-VMC-SPF

GERDAU AMERISTEEL US, INC.,
and the GERDAU BENEFITS PLANS
ADMINISTRATIVE COMMITTEE,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Sean P. Flynn's Report and Recommendation (Doc. # 52), entered on July 17, 2024, recommending that Defendants' Motion to Determine Standard of Review (Doc. # 28) and Motion for Protective Order (Doc. # 30) be denied. Defendants filed an Objection (Doc. # 57) on August 9, 2024, to which Plaintiff responded on August 22, 2024. (Doc. # 60). On August 27, 2024, Plaintiff filed an amended response with leave of Court. (Doc. # 64).

1

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and denies Defendants' Motions.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Defendants argue that the Report and Recommendation diverges from the precedent set forth in Lanfear v. Home Depot, 536 F.3d 1217 (11th Cir. 2008), for two reasons. First, "a claim for benefits is such for every purpose," including the determination of the applicable standard of review. (Doc. # 57 at 2). Second, treating a breach of fiduciary claim as a benefits claim for all purposes would not conflate the two types of claims. (Id. at 4).

The Court agrees with Judge Flynn's analysis rejecting Defendants' broad interpretation of the Lanfear holding. (Doc. # 52 at 8-10); see also Ferguson v. BBVA Compass Bancshares, Inc., No. 2:19-cv-1135-MHH, 2021 WL 662257, at *10 n.15 (N.D. Ala. Feb. 19, 2021) (distinguishing Lanfear because the plaintiffs had not yet "requested a distribution of plan benefits" whereas "the [Lanfear] plaintiffs had received benefit payments"). As the Report and Recommendation explains, Lanfear is distinguishable because the plaintiffs there had already been paid benefits, which differs from cases like Ferguson or this one where benefits have not yet been requested. Additionally, the Gerdau Ameristeel US 401(k) Retirement Plan's terms are distinguishable from those at issue in Lanfear. Compare Lanfear, 536 F.3d at 1224 (citing the Plan's language which "provides administrative remedy for

3

a wide range of claims, including breach of fiduciary duty" and allows for "any grievance, complaint or claim concerning any aspect of the operation or administration of the Plan or Trust"), with (Doc. # 52 at 2-4) (citing the Plan's language which only delineates the Administrative Committee's authority and procedures for "determin[ing] benefits claims and appeals"). Therefore, Lanfear does not support the broad proposition that Plaintiff's breach of fiduciary duty claim is by definition a benefits claim.

Defendants ask the Court to consider a "breach of fiduciary duty claim . . . a benefits claim for all purposes," and posit that doing so would not conflate the two distinct claims (Doc. # 57 at 4). The breach of fiduciary duty claim is codified in 29 U.S.C. §§ 1132(a)(2) and 1109(a), while the benefits claim is found in § 1132(a)(1)(b). As Defendants recognize, the two are distinct claims. (Doc. # 57 at 2). Defendants nonetheless maintain the overbroad position that a breach of fiduciary claim should be considered a benefits claim for all purposes. However, as Judge Flynn explained, considering a breach of fiduciary duty claim to be a benefits claim, "would effectively remove any distinctions between §§ 1132(a)(1)(B) and 1132(a)(2)." (Doc. # 52 at 11-12).

4

Next, regarding the Motion for Protective Order, Defendants argue that discovery should be limited to the administrative record because the arbitrary and capricious standard applies. (Doc. # 57 at 7). Alternatively, Defendants submit that any permitted discovery should be limited to the Cerrito factors, upon a proper showing by Plaintiff. (Id. at 8; Doc. # 30 at 13-16). As explained in the Report and Recommendation, the Cerrito factors "permi[t] discovery, even in instances in which an 'arbitrary and capricious' standard applies, . . . to assist the court in evaluating 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision; 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and 5) to determine whether a conflict of interest existed." Cerrito v. Liberty Life Ins. Co., 209 F.R.D. 663, 664 (M.D. Fla. 2002); see also (Doc. # 52 at 14-15).

Because the Court determines that the arbitrary and capricious standard does not apply, the Report and

5

Recommendation correctly concluded that discovery should not be limited to the administrative record. (Doc. # 52 at 4).

Further, Judge Flynn properly concluded that the protective order sought is not warranted. In addition to discussing the Cerrito factors, Judge Flynn cited to breach of fiduciary duty cases which "explained that a limitation to the administrative record is inappropriate in these fact-intensive cases." (Doc. # 52 at 14-16); see Lopez v. Embry-Riddle Aeronautical Univ., No. 6:22-cv-1580-PGB-LHP, 2023 WL 7129858, at *10 (M.D. Fla. July 12, 2023) ("The parties should engage in discovery to resolve these fact-intensive questions."). This included Rzepkoski v. Nova Southeastern Univ., Inc., in which the Court denied a motion for protective order because the allegations of imprudent management of a plan justified "discovery beyond the Cerrito factors." No. 22-61147-CIV, 2024 WL 808007, at *2 (S.D. Fla. Jan. 19, 2024), appeal denied, No. 22-CV-61147-WPD, 2024 WL 4003687 (S.D. Fla. Apr. 14, 2024). Plaintiff's breach of fiduciary duty claim here similarly warrants discovery.

Importantly, in denying the Motion for Protective Order, the Court is not permitting Plaintiff to engage in wholesale merits discovery. Indeed, the Report and Recommendation reminds the parties that "any discovery must be proportional

6

to the needs of the case." (Doc. # 52 at 16); see also Rzepkoski, 2024 WL 808007 at *2 ("Although perhaps not entitled to full-blown merits discovery, Plaintiffs should nonetheless be allowed to inquire as to the rationales and justifications underlying the decisions at issue.").

Thus, upon due consideration of the record, including Judge Flynn's Report and Recommendation as well as Defendants' Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion to Determine Standard of Review and Motion for Protective Order. The Court agrees with Judge Flynn's detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation. Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 52) is **ACCEPTED** and **ADOPTED.**

(2) Defendants' Motion to Determine Standard of Review (Doc. # 28) is **DENIED.**

(3) Defendants' Motion for Protective Order (Doc. # 30) is **DENIED.**

(4) The parties are directed to submit an Amended Case Management Report within fourteen days of this Order.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 20th day of September, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE