UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GRANT MOLLA,**
**on behalf of the Gerdau Ameristeel**
**US 401(k) Retirement Plan, himself,**
**and all others similarly situated,**

      Plaintiff,                              CASE NO. 8:22-cv-02094-VMC

v.

**GERDAU AMERISTEEL US, INC.,**

      Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE OR, ALTERNATIVELY, TO DISMISS PLAINTFF'S AMENDED COMPLAINT

Grant Molla ("Plaintiff") respectfully submits his response to Gerdau Ameristeel US, Inc.'s ("Defendant") Motion to Strike, or Alternatively, to Dismiss Plaintiff's Amended Complaint (Dkt. 61) ("Motion).

## SUMMARY OF ARGUMENT

Plaintiff's Amended Complaint pleads exhaustion of the administrative review process, as required by the Court's October 1, 2022, Order. (Dkt 13).

Plaintiff's Amended Complaint does not assert any new claims. The Complaint does assert new facts supporting the existing claims. That is nothing controversial. Defendant conflates facts and claims. The Amended Complaint, like the original Complaint, sets forth one claim for relief – Breach of Fiduciary Duty

in violation of ERISA § 404(a), 29 U.S.C. § 1104(a). Amending a complaint to include new facts or further explain existing claims does not set forth a "new" claim. Defendant provides no authority for its argument otherwise.

Defendant makes multiple misrepresentations to the Court in a bid to create controversy where none ought to exist. Most importantly, Defendant represents to the Court that a handful of facts in the Amended Complaint where never shared with Defendant in the administrative review process and that as a result Defendant was deprived of the opportunity to fairly review the Plaintiff's sole claim for Breach of Fiduciary during the incredibly lengthy (nearly two years) administrative process. This argument fails for a myriad of reasons. The administrative record shows Defendant's contention is demonstrably misplaced and that it was provided, considered, and disputed the facts it now claims it never saw until the Amended Complaint was filed. For nearly two years during the administrative review process, the facts concerning Plaintiff's sole claim that Defendant Breached it Fiduciary Duties to the Plan were reviewed, analyzed and, not surprisingly, summarily rejected in by Defendant via its Benefits Administration Committee ("BAC").

There is no reason for any more purported "exhaustion" related activities. This case was first filed on September 9, 2022. Now, after more than two years, it is time for the parties to litigate this case so as not to waste any more time, money, or judicial resources. Defendant is merely engaged in skullduggery – it is seeking only to create further delay and unnecessary waste.

Defendant's Motion illustrates the real and practical futility of the exhaustion process in this case. Futility was "real" because the BAC had no authority to decide whether Defendant breached its ERISA fiduciary duties to the Plan. Indeed, the Plan Document which defines the scope of the BAC's authority specifically provides the BAC does not have authority to make this finding or provide any of the remedies Plaintiff requested. Futility was "practical" because Defendant will never concede the validity of Plaintiff's claims – to do so would be an admission it breached federal statutory duties owed to its current and former employees and lost millions of their hard-earned retirement savings in the process.

No further stay is required. Plaintiff has fulfilled every condition precedent required to pursue his claim in this Court.

## ARGUMENT

### A. Plaintiff Abided by the Court's Order and Exhausted his Administrative Remedies.

1. <u>Plaintiff has Pled Administrative Exhaustion</u>

To proceed with his action, the Court required Plaintiff to "file an amended complaint that pleads exhaustion of administrative remedies." (Dkt. 49, p.11). Plaintiff did exactly as the Court ordered. He pled exhaustion; pled he had obtained and reviewed new documents provided by Defendant that had not been provided to participants and would not have been provided to Plaintiff if he hadn't participated in the administrative process; and pled he obtained additional

information from Defendant regarding the compensation paid to Fidelity, the Plan's recordkeeper. (Dkt. 59 – Amended Complaint,¶¶ 11, 68, 69, 93).

Plaintiff's allegations are not, as Defendant *falsely* contends, limited to "a single conclusory statement" (Dkt. 61, P. 7). While Defendant presently asserts Plaintiff hasn't exhausted the administrative process to Defendant's fictitious standard, Defendant previously stipulated he did fulfill the exhaustion requirement. (Dkt. 23 – Joint Motion to Lift Stay, ¶¶ 6, 7; Dkt. 28 – Defendant's Motion to Determine Standard of Review, Ex. B – Claim Letter dated Oct. 14, 2022; Ex. C – Committee Denial Letter dated April 12, 2023; Ex. D – Appeal of Committee's Denial dated June 8, 2023; Ex. E - October 6, 2023, Letter denying Appeal).

The exhaustion history Defendant contends is "fatally" omitted from the Amended Complaint is detailed in both motions. The motions, including attachments, are central to both Plaintiff's Amended Complaint and Defendant's Motion, as exhaustion is a condition precedent for Plaintiff's action. Consequently, the motions and attachments are incorporated by reference into the Amended Complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated into it; if the documents [sic.] contents are alleged in the Complaint and no party questions those contents, we may consider such a document . . ."); *CP Motion, Inc. v Aetna Health*, 2008 WL 4826093, *3 (S.D. Fla., Nov. 4, 2008) (in ERISA action asserting claims for 130 different patients, district

4

court denied the motion to dismiss when documents from the administrative record referenced in the defendant's motion confirmed exhaustion had been satisfied for a certain number of the plaintiffs). Thus, the Court ought to reject Defendant's argument that Plaintiff failed to plead exhaustion.

2. <u>Plaintiff's Claims Were Administratively Exhausted</u>

Setting to the side Plaintiff is not asserting "new claims," Defendant misrepresents to the Court "the Committee never had the opportunity to investigate Plaintiff's refined share class allegations, to develop an administrative record on that issue, or render a decision." (Dkt. 61, p. 15). Defendant's claim is patently false. In his Appeal to the Administrative Committee, Plaintiff's allegation could not have been made any clearer.

> In several instances during the Class Period, Defendants failed to prudently monitor the Plan to determine whether the Plan was invested in the lowest-cost share class available for the Plan's mutual funds, which are identical to the mutual funds in the Plan in every way except for their lower cost. Defendants' failure to select the lowest-cost share class available caused Plan participants, including Mr. Molla, to pay excessive fees, which has and will continue to diminish the value of their individual 401(k) accounts.

(Dkt. 28 – Ex. D, Pp. 3-4). Concomitantly, the Administrative Committee notes reveal that contrary to Defendant's false narrative, Plaintiff's share class and revenue sharing allegations were reviewed in the administrative process:

> Share Class
>
> In the Appeal, Claimant reiterated his position from the original claim that "Defendants failed to prudently monitor the Plan to determine whether the Plan was invested in the lowest-cost share class available for the Plan's mutual funds…"

5

> The Committee discussed the appeal topic of Target Date share class and reviewed a document by Fidelity entitled "Share Classes IOR_363_03312023" which shows the available share classes for each investment option in the Plan. The Committee noted that the Target Date fund series offered in the Plan has 3 shares classes and that the Plan is currently using the share class "K". The Committee discussed how there are certain share classes that have a portion of the net expense ratio of the fund allocated to an administrative revenue allowance and share classes that do not and the ways the recordkeeper can be paid, such as a percentage of assets through administrative revenue allowance in the fund or by a flat fee charge to participants' accounts.
>
> The Committee concluded that the Active Target Date share class K is the lowest cost share class of that fund that collects an administrative revenue allowance and that if the K6 share class (that has no administrative allowance) was used, a direct fee would need be charged to the participants to pay for the recordkeeping services. The income earned through a funds' administrative revenue allowance is tracked and monitored to control the recordkeeper's total compensation. A credit to the Plan is regularly used to manage the recordkeeper's compensation earned through administrative revenue allowance.

(Ex. A - Committee Minutes attached as Ex. 94 to Dkt. 28, Ex. E). Thus, it is indisputable that the Administrative Committee reviewed and denied Plaintiff's share class claims. The same holds true for Plaintiff's allegations pertaining to the improper use of revenue sharing income. In the Committee's own words, it "The income it earned through a funds' administrative revenue allowance is tracked and monitored to control the record keeper's compensation" and "A credit to the Plan is regularly used to manage the recordkeeper's compensation earned through administrative allowance."

### B. The Amended Complaint Does Not Assert "New" Claims nor Does it Exceed the Scope of the Leave to Amend.

1. The Amended Complaint Does Not Assert "New Claims.

An Amended Complaint does not set forth new claims where it provides "additional facts to support [the] original claim...," or otherwise clarifies the original claims." *Ault v. Hilton Grand Vacations Co.*, 2015 WL 3627223, at 3 (M.D.

Fla. June 10, 2015); *Brown v. United States*, 439 F. App'x 772, 775 (11th Cir. 2011). Amendments to a complaint that expand or explain an existing claim "are not themselves new claims." *United States v. Landmark Hosp. of Athens*, LLC, 676 F. Supp. 3d 1323, 1337 (M.D. Ga. 2023); That is, "facts" and "claims" are not interchangeable. Instead, "claim" is interchangeable with "cause of action...." *Keene Corp. v. United States*, 508 U.S. 200, 210 (1993) (citing Black's Law Dictionary, "defining 'claim' as 'cause of action.'"); *see also United States v. Tohono O'odham Nation*, 563 U.S. 307, 313 (2011) ("Cause of action" is the more technical term, while "claim" is often used in a commonsense way to mean a right or demand [and thus] if the phrase with the more technical of the two terms does not embrace the concept of remedy, it is reasonable to conclude that neither phrase does."). Simply asserting new facts in an amended complaint supporting the same cause of action pled in the first complaint is not tantamount to asserting "new claims," because the facts merely illustrate *the existence* of a claim. *Keene Corp. v. United States*, 508 U.S. 200, 210 (1993) (Citing *Chobanian v. Washburn Wire Co.*, 33 R.I. 289, 302 (1911))

The Complaint and Amended Complaint both set forth a single claim for Breach of Fiduciary Duty in violation of ERISA § 404(a), 29 U.S.C. § 1104(a). The "claims" Defendant asserts to be "new" are facts. Defendant's Motion is flawed.

Both the Complaint and the Amended Complaint allege Defendant breached its fiduciary duty through the Plan's revenue sharing scheme. (Dkt. 1, Complaint, ¶¶ 44, 51, 60, 82, 136; Dkt. 59, Amended Complaint, ¶¶ 118-9). The Amended

7

Complaint provides further detail as to *how* the revenue sharing scheme contributes to Defendant's breach. Asserting Defendant used the revenue sharing assets for its own benefit does not create a new claim.

The Complaint and Amended Complaint both assert Defendant's investment menu was populated with more expensive share classes when identical, less expensive share classes were available. (Dkt. 1, ¶¶ 130-33; Dkt. 59, ¶¶ 108-12). That Plaintiff identified the K6 share class in the Amended Complaint does not create a "new claim." In fact, Plaintiff is not required to identify any specific share classes to plead his claim. *See, e.g. Henderson v. Emory Univ.*, 252 F. Supp. 3d 1344, 1349 (N.D. Ga. 2017) (Holding that Plaintiff's stated a claim where they asserted "that no reasonable fiduciary would choose or be complacent with being provided retail-class shares over institutional-class shares."; *Pledger v. Reliance Tr. Co.*, 240 F. Supp. 3d 1314, 1331 (N.D. Ga. 2017) (holding that allegations that a fiduciary "chose investment options with poor performance histories as opposed to other better performing alternatives [were sufficient to] state[ ] a claim for fiduciary breach when there is also an allegation that the choice benefitted one or more corporate or fiduciary interests over those of the plan"). Moreover, the inclusion of different share classes in the Amended Complaint is of no consequence to Defendant, which purports to have reviewed all of the share classes available. (Exhibit A, P.)

Furthermore, Plaintiff does not assert a cause of action for Defendant's failure to disclose Fidelity's compensation because failure to make a required

8

disclosure on a form 5500 does not create a private cause of action or a "claim." 29 U.S.C.A. § 1132; *Williamson v. Travelport, LP*, 953 F.3d 1278, 1296 (11th Cir. 2020). Defendant's argument that such a cause of action was pled collapses under its own impossibility.

Defendant asserts that Plaintiff's Amended Complaint alleges for the first time that Defendant failed to negotiate with Fidelity or to otherwise prudently attempt to reduce the excessive compensation that Defendant caused the Plan to pay Fidelity. However, Defendant's assertion is factually inaccurate. Plaintiff did, in fact, plead that Defendant's failed to negotiate with fidelity in his original Complaint. (Doc. 1, p. 22, ¶ 82, 88).

Similarly, Plaintiff's allegation that Defendant failed to explore alternative cost structures for Fidelity's compensation cannot be considered a new "claim" either. Rather, this statement of fact simply illustrates *how* Defendant's imprudence contributed to its breach of fiduciary duties — a *claim* included in the original Complaint that is supported in greater *factual* detail in the Amended Complaint. (Dkt. 1, Complaint, ¶ 74; Dkt. 59, ¶ 89).

The enhancements to the Amended Complaint clarify and further explain Plaintiff's sole claim for Breach of Fiduciary Duty in violation of ERISA § 404(a), 29 U.S.C. § 1104(a).[1] Defendant's fictitious "factual exhaustion" requirement simply does not exist; there is no requirement that a plaintiff administratively

---

[1] The Complaint and Amended Complaint both allege breaches ERISA § 404(a), 29 U.S.C. § 1104(a)'s of the fiduciary duties of loyalty and prudence arising out of Defendant's revenue sharing scheme, referencing information contained in Form 5500 filings. (Dkt. 1, ¶ 83; Dkt. 59, ¶¶ 118-9).

9

exhaust every "fact" supporting a claim. This is pure fiction and another attempt by Defendant to mislead this Court. Moreover, Defendant provides no authority requiring a plaintiff seeking plan-wide relief for breach of fiduciary duty from amending his complaint to incorporate information obtained through the administrative process. That is because no such authority exists.

2. <u>The Amended Complaint does not exceed the scope of the leave to amend.</u>

The Court ordered Plaintiff to plead exhaustion. Plaintiff followed the Court's Order and pled he participated in the administrative review process and exhausted all available administrative remedies.

Distinguishable from Defendant's purported authority, Plaintiff's claim has not been dismissed on the merits. His Amended Complaint does not set forth new claims. The Amended Complaint does not add new parties to the action. *Cf.*, *Nolen v. Fairshare Vacation Owners Ass'n*, 2023 WL 5622595, at 9 (11th Cir. Aug. 31, 2023) (affirming the district court's order striking the Second Amended complaint *and reinstating* two counts from the First Amended Complaint where the Second Amended complaint introduced *"seven* entirely  new statutory claims…[and]factual theories…incorporated into every count….") (emphasis added); *The Cincinnati Ins. Co. v. Cochran*, 2006 WL 4495335, at 2 (11th Cir. Dec. 27, 2006) (striking a newly added counter claim where the claim was "not contained in the original scop of the pleadings and had not been subject to any discovery…," and leave to amend was granted only to allow defendant to clarify

allegations made in the proposed *pre-trial order*.) (Emphasis added*). Kuenzig v. Kraft Glob. Foods, Inc.*, WL 366927, at *3 (M.D. Fla. Feb. 3, 2012) (striking Plaintiff's amended complaint where leave was granted only to replead a claim not sufficiently plead and plaintiff's amended complaint included an additional plaintiff and two additional claims.) *Veritas Pers. Servs., Inc. v. ADP Totalsource, Inc.*, 2019 WL 11506035, at 2 (S.D. Fla. Dec. 27, 2019) (striking the second amended complaint where leave to amend was granted as to an indemnification claim and the plaintiff added a breach of implied duty of good faith claim).

### C. Defendant's Purported Exhaustion Authority Does Not Apply

In *Bickley and Perrino*, the plaintiffs bypassed the administrative process entirely. That is not the case here. Defendant does not dispute Plaintiff's participation in the administrative process. (Dkt. 23 - Motion to Lift Stay). In *CP Motion, Inc.*, the individual plaintiffs never appealed after their claims were denied. Here, Defendant does not dispute that Plaintiff appealed the Committee's denial of his claim. (*Id.*). *Guididas* and *Byars* are inapposite.

In *Byars*, the district court touted the perceived benefits of the administrative process – reduction of frivolous lawsuits under ERISA, minimizing costs, assisting fiduciaries in carrying out duties, preventing premature judicial intervention, and development of a fully developed record, if applicable.[2] *Byars*,

---

[2] In class-wide breach of fiduciary duty actions, the standard of review is *de novo*. The development of a full record for the district court to review is not a factor for consideration as it might be for individual denial of benefits actions, which are reviewed by district courts under an "arbitrary and capricious" or "abuse of discretion" standard.

11

at *3. Defendant runs afoul of its cited authority. The administrative record confirms Defendant had the opportunity to review and "carry out its duties" with respect to the Plan. (Exhibit A). Plaintiff utilized the administrative process as contemplated in *Byars* – to refine his initial claims based on information obtained in the nearly two-year long administrative process. On the other hand, Defendant has subverted any potential benefits to be gleaned by driving up the cost of dispute resolution and wasting judicial resources through unnecessary motion practice.

There is good reason the fictitious and elevated exhaustion requirement Defendant moves this Court to adopt simply doesn't exist for class-based ERISA breach of fiduciary duty actions: The plaintiff typically doesn't have access to all the information necessary to prove his claim and may or may not receive it through a process controlled by the accused wrongdoer. Frequently, the discovery a plaintiff needs to prove his claim will be subpoenaed from third parties in the federal court litigation. Naturally, allegations will evolve as additional information is obtained during or after the administrative process. Breach of fiduciary duty claims seeking plan-wide relief are inherently different from individual claims for benefits. The inquiry is on the fiduciary's conduct. Courts make a *de novo* determination of whether the fiduciary's conduct satisfied ERISA's statutory requirements, an objective standard. In individual claims for benefits, the inquiry is matter of plan interpretation. Determinations are reviewed under an abuse of discretion standard because a fiduciary is afforded discretion when interpreting the terms of its plan. There could be no abuse of discretion standard of review if a

plaintiff was permitted to assert, for the first time, new claims or evidence that were never presented to the fiduciary at the administrative level. That is, a court could not conclude a fiduciary abused its discretion if it didn't have all of the information when it adjudicated the claim.

### 1. Plaintiff's Share Class Exhaustion Efforts Were Futile

"Exhaustion is excused when 'resort to administrative remedies would be futile or the remedy inadequate….'" *Tindell v. Tree of Life, Inc.,* 672 F. Supp. 2d 1300, 1306 (M.D. Fla. 2009) (Quoting *Counts v. Amer. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir.1997)). Here, the Plan Document does not permit the BAC to adjudicate claims regarding the investment of plan assets. Specifically, the Board of Directors of Gerdau Ameri-steel delegated to the BAC the power to:

a. to perform any duty or responsibility delegated, and to have any power granted, by any such Plan or policy to Gerdau Ameristeel or other sponsoring employer as "Plan Administrator" or similar position respect to day-to-day administrative functions of the Plans (**excluding, however, any duty, responsibility or power relating to the investment of Plan assets);**

b. to establish policies and procedures with respect to the Plans **(excluding, however, any policies and procedures relating to the investment of Plan assets)** to the extent delegated to it….

(Dkt. 28-1, Part A, Pp. 2-3). Plaintiff has pursued and exhausted his administrative remedies under the Plan. His efforts were futile because the BAC's determinations fall beyond the scope of its authority under the Plan. Additional administrative review would be "an exercise in legal formalism" because these claims "cannot be redressed effectively through [the available] administrative scheme." *McCay v.*

13

*Drummond Co.*, 509 F. App'x 944, 947 (11th Cir. 2013) (quoting *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1318 (11th Cir. 2000)). Here, the Plan delegates the *Investment Committee* the exclusive authority necessary to provide relief Plaintiff seeks. (Dkt. 28-1, Pp. XI-2-XI-3). However, the Plan *does not* provide an avenue for Plaintiff to present his claims to the Investment Committee or delegate administrative review powers to the Investment Committee. The Plan only identifies a review process is delegated to the BAC. Submitting investment-related claims to the administrative review process is futile because the *only* administrative review process is through the BAC, which doesn't have the authority to remedy Plaintiff's claims. *Bacon v. Stiefel Laboratories, Inc.*, 677 F.Supp.2d 1331 (2010) (plaintiff was excused from exhaustion where the committee did not have the authority to re-value stock, which was the remedy sought.).

## CONCLUSION

Based on the foregoing, Defendant's Motion should be denied. Plaintiff sufficiently pleads exhaustion in his Amended Complaint pursuant to the Court's Order; Plaintiff's Amended Complaint does not include any new claims; Plaintiff has satisfied the exhaustion requirement. Plaintiff respectfully asks that this Honorable Court deny Defendant's Motion accordingly.

Dated: September 20, 2024.

                    Respectfully Submitted,

                    */s/Marc R. Edelman*
                    **MARC R. EDELMAN, ESQ.**
                    Fla. Bar No. 0096342
                    **MORGAN & MORGAN, P.A.**
                    201 N. Franklin Street, Suite 700
                    Tampa, Florida 33602
                    Telephone: (813) 577-4722
                    Fax: (813) 257-0572
                    MEdelman@forthepeople.com

                    **BRANDON J. HILL**
                    Florida Bar Number: 37061
                    **LUIS A. CABASSA**
                    Florida Bar Number: 0053643
                    **AMANDA E. HEYSTEK**
                    Florida Bar Number: 0285020
                    **WENZEL FENTON CABASSA, P.A.**
                    1110 North Florida Ave., Suite 300
                    Tampa, Florida 33602
                    Direct: 813-337-7992
                    Main: 813-224-0431
                    Facsimile: 813-229-8712
                    Email: bhill@wfclaw.com
                    Email: lcabassa@wfclaw.com
                    Email: aheystek@wfclaw.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY, that on the 20th day of September 2024, I electronically filed a true and correct copy of the forgoing with the Clerk of the Court via the CM/ECF filing system which will send a notice of electronic filing to all counsel of record.

                    */s/Marc R. Edelman*
                    **MARC R. EDELMAN, ESQ.**