# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| GRANT MOLLA,<br>on behalf of the Gerdau Ameristeel US 401(k) Retirement Plan, himself, and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>GERDAU AMERISTEEL US, INC., and the GERDAU BENEFITS PLANS ADMINISTRATIVE COMMITTEE,<br><br>    Defendants. | Case No.: 8:22-cv-02094-VMC |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE OR, ALTERNATIVELY, TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Despite conceding that administrative exhaustion is required, and despite this Court's Order holding that exhaustion is both required and must be pled, Plaintiff argues for the first time in his response (Dkt. 69, "Response") to Gerdau's motion to strike or, alternatively, to dismiss (Dkt. 61, "Motion") that the Court should excuse his obligation to submit the breach of fiduciary duty claims to the administrative review process in the Plan because it would be "futile" to do so. The Court should reject Plaintiff's new argument[1] and grant Gerdau's Motion.

---

[1] For the reasons set forth in the Motion, the Court should also reject the other arguments Plaintiff asserts in the Response. This Reply is limited only to rebutting Plaintiff's newly-minted futility argument. *See Tardif v. People for the Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011) ("The purpose of a reply brief is to rebut any new law or facts contained in the oppositions response to a request for relief before the Court.").

Plaintiff's new contention that administrative exhaustion should be excused as futile because the Gerdau Benefits Plans Administrative Committee (the "Committee") purportedly "had no authority to decide whether [Gerdau] breached its ERISA fiduciary duties to the Plan" runs counter to the plain language of the Plan, this Court's Order (Dkt. 49), and Plaintiff's own concessions. Contrary to Plaintiff's argument, the Plan provides the Committee broad discretion to interpret the Plan and decide administrative claims. The Committee was therefore plainly authorized, and indeed **_required_**, to review and decide Plaintiff's claims for breach of fiduciary duty in accordance with the mandatory administrative claims process set forth in the Plan.

Section 3.6 of the Plan broadly assigns to the Committee "complete control over the administration of the Plan, with all powers necessary to enable it to carry out its duties in that respect." (Doc. 28-1 at 22). This section further grants the Committee "power to exercise discretion, to exclusively interpret the terms of the Plan, including the determination of eligibility for benefits and the amounts thereof and to carry out its provisions." (*Id.*). In accordance with these conveyed powers, the Plan charges the Committee with the responsibility and duty "to determine benefits claims and appeals" and "to interpret the Plan, with its interpretation thereof in good faith to be final and conclusive, and to decide all other questions concerning the Plan." (*Id.* at 22-23). Section 3.16 of the Plan contains the administrative claim and appeal procedures, and requires a

2

participant to exhaust those procedures before bringing an action pertaining to the Plan. (*Id.* at 25-26).

Based on these provisions, Plaintiff previously agreed to stay this case in order to comply with the Plan's mandatory administrative procedures, thereby conceding that the Plan requires administrative exhaustion. (*See* Doc. 12). The Court's Order granting Gerdau's motion to dismiss Plaintiff's initial Complaint similarly found that Plaintiff "agreed to comply with the mandatory, pre-suit administrative claim exhaustion procedure outlined in the Plan's governing document," and held, in accordance with well-settled Eleventh Circuit precedent, that Plaintiff was required to both exhaust administrative remedies with regard to his breach of fiduciary duty claims and to allege such exhaustion in his Complaint. (Doc. 49 at 2, 6-9). There is, accordingly, no basis for Plaintiff to now argue that administrative exhaustion is "futile."

Moreover, the Plan provisions on which Plaintiff relies, which exclude "any duty, responsibility or power relating to the investment of Plan assets" from the Committee's delegated responsibilities, have no bearing on: (1) the Committee's broad discretionary authority (and responsibility) to decide claims and interpret the Plan or (2) the Plan's mandatory administrative claims process. Contrary to Plaintiff's argument, the mere fact that the Plan does not delegate responsibility for investing Plan assets to the Committee does not mean the Committee lacks authority to decide Plaintiff's claims for benefits under the Plan. In fact, the Plan

3

expressly requires the Committee to decide Plaintiff's claims. The relief Plaintiff seeks in this lawsuit – the recovery of purported losses to the Plan due to Gerdau's alleged breaches of fiduciary duty – does not require the Committee to make any investment decisions or to otherwise act outside the scope of authority the Plan delegates. What the Plan **does** require is that the Committee review and decide Plaintiff's claims under the Plan's mandatory administrative claims procedures before Plaintiff may litigate them in this Court.

Respectfully submitted,

*/s/ Brett J. Preston*
Brett J. Preston (FBN: 603716)
brett.preston@hwhlaw.com
michelle.armstrong@hwhlaw.com
Fred C. Marshall, II (FBN: 119284)
kip.marshall@hwhlaw.com
val.taylor@hwhlaw.com
Jacob Z. Coates (FBN: 1011769)
jacob.coates@hwhlaw.com
billie.wallis@hwhlaw.com
HILL WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida 33602
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
*Attorneys for Defendants*