```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

GRANT MOLLA,
on behalf of the Gerdau Ameristeel
US 401(k) Retirement Plan, himself,
and all others similarly situated,

      Plaintiff,

v.                                  Case No. 8:22-cv-2094-VMC-SPF

GERDAU AMERISTEEL, US, INC.

      Defendant.
_____/
```

**ORDER**

This matter comes before the Court upon consideration of Defendant Gerdau Ameristeel US, Inc.'s Motion to Strike or, Alternatively, Dismiss Plaintiff's Amended Complaint (Doc. # 61), filed on August 23, 2024. Plaintiff Grant Molla responded on September 20, 2024. (Doc. # 69). With leave of Court, Gerdau filed a reply on October 4, 2024. (Doc. # 72). For the reasons set forth below, the Motion is granted.

**I.   Background**

Plaintiff is a participant in the Gerdau Ameristeel US 401(k) Retirement Plan. (Doc. # 59 at ¶ 12). On September 9, 2022, Plaintiff filed suit on behalf of the Plan, himself, and all others similarly situated against Gerdau Ameristeel US, Inc. and the Gerdau Benefits Plans Administrative

1

Committee. (Doc. # 1). Shortly after, the parties jointly filed a motion to stay the proceedings pending exhaustion of administrative remedies. (Doc. # 12). While "Plaintiff believe[d] that such exhaustion is likely excusable and/or futile, . . . [he] agreed to work cooperatively with Defendants to exhaust his administrative remedies." (Id. at ¶¶ 3-4). Thus, on October 1, 2022, the Court stayed the case pending exhaustion of administrative remedies. (Doc. # 13).

On November 13, 2023, the parties jointly moved to lift the stay. (Doc. # 23). The parties informed the Court that the claim review process was complete and that "the retirement plan committee considered and timely denied Plaintiff's claim," as well as his appeal. (Id. at ¶ 7). The Court granted the motion and reopened the case. (Doc. # 24).

On July 2, 2024, the Court granted Defendants' first motion to dismiss. (Doc. # 49). The Court dismissed the complaint without prejudice, holding that Plaintiff "must file an amended complaint that pleads exhaustion of administrative remedies" to proceed. (Id. at 10-11). Plaintiff filed an amended class action complaint on August 9, 2024, which names Gerdau as the sole defendant. (Doc. # 59). The Committee is not named as a defendant. (Id.). The amended complaint alleges that Gerdau breached its fiduciary

2

duties because it "failed to monitor or control the grossly excessive compensation paid" to the Plan's recordkeeper and "failed to offer prudent investment share classes on the Plan's investment menu." (Id. at ¶ 129).

Gerdau now moves to strike, or, alternatively, dismiss plaintiff's amended complaint. (Doc. # 61). The Motion is fully briefed (Doc. # 69; Doc. # 72), and is now ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. Analysis

The Court grants Gerdau's request to dismiss the amended complaint. (Doc. # 61 at 9-15). Gerdau submits that "[b]ecause the [a]mended [c]omplaint's bare, conclusory allegation about exhaustion provides no facts regarding the administrative process or its outcome, it fails to adequately allege administrative exhaustion and should, again, be dismissed." (Id. at 9-10). Moreover, Gerdau argues that "Plaintiff's failure to exhaust administrative remedies with regard to his new claims requires dismissal." (Id. at 15).

In response, Plaintiff first argues that he properly pled exhaustion of remedies, and that the exhaustion history discussed in prior motions and attachments is incorporated by reference into the amended complaint. (Doc. # 69 at 4-5).

4


Plaintiff additionally argues that his share class exhaustion efforts were futile. (Id. at 13-14).

"To properly plead exhaustion, plaintiffs must specify the action they took to exhaust their administrative remedies and the outcome of the action." Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc., No. 10-81589-CIV, 2011 WL 2134534, at *8 (S.D. Fla. May 27, 2011); see also Cousins v. United Healthcare, Inc., No. 19-CV-25061, 2020 WL 1666628, at *3 (S.D. Fla. Apr. 3, 2020) (finding that an amended complaint did not sufficiently plead exhaustion of remedies by stating "[a]ll conditions precedent to the bringing of this action have been complied with, satisfied or otherwise waived. This includes all appeals and/or administrative remedies known to be available"). Additionally, a "bare assertion of futility is insufficient. To properly plead futility, plaintiffs must allege why exhausting their administrative remedies would be futile and provide sufficient detail to make their claim of futility plausible." Sanctuary Surgical Ctr., Inc., 2011 WL 2134534, at *9.

"[A] complaint may not be amended by briefs in opposition to a motion to dismiss." Donovan v. Rivadeneira, 557 F. Supp. 3d 1236, 1244 (S.D. Fla. 2021) (citing Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)); see also Brown v.

5

J.P. Turner & Co., No. 1:09-CV-2649, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) (noting that making a new argument for the first time in response to a motion to dismiss to bolster a claim "is plainly inappropriate").

The Court's order granting Defendants' first motion to dismiss explained that "[P]laintiff must still plead exhaustion of administrative remedies even when the parties do not dispute this fact." (Doc. # 49 at 10-11). At the motion to dismiss stage, the Court need only determine whether the complaint, or in this case the amended complaint, plausibly alleges exhaustion of remedies or that exhaustion would be futile. However, Plaintiff's conclusory statement that he "has exhausted his administrative remedies" does not allow the Court to make such a determination. (Doc. # 59 at ¶ 11).

Again, in reviewing a motion to dismiss, the Court's review is limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta, 358 F.3d at 845. "A document or thing is incorporated by reference into a complaint where (1) it is central to the plaintiff's claim, (2) its contents were alleged in the complaint, and (3) no party questions those contents." Quinette v. Reed, 805 F. App'x 696, 700 (11th Cir. 2020). While Plaintiff asserts (1)

6

that the exhaustion history was incorporated by reference into the amended complaint, and (2) that exhaustion would be futile, neither of those theories were referenced to or alleged in the amended complaint. Accordingly, the Court does not consider those arguments part of the amended complaint. Therefore, the amended complaint is dismissed for failure to sufficiently plead exhaustion of remedies.

Because the amended complaint is dismissed, the Court denies Gerdau's request to strike the amended complaint as moot.

To proceed with this action, Plaintiff must file an amended complaint that sufficiently pleads exhaustion of administrative remedies and/or that exhaustion would be futile. The Court cautions that this leave to amend is limited to pleading exhaustion of remedies and/or futility. However, the Court permits Plaintiff to reassert in the second amended complaint the new facts and supposed new legal theories that were alleged in the dismissed amended complaint. Plaintiff may not make additional substantive changes. If Plaintiff intends to add further factual or legal theories not already pled in the dismissed amended complaint, Plaintiff must file a motion under Rule 15(a) and in accordance with the January

7

31, 2025, deadline for motions to amend pleadings set in the case management and scheduling order. (Doc. # 74).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Gerdau Ameristeel US, Inc.'s Motion to Strike, or Alternatively, to Dismiss Plaintiff's Amended Complaint (Doc. # 61) is **GRANTED.**

(2) Plaintiff Grant Molla's amended class action complaint is **DISMISSED** without prejudice. (Doc. # 59).

(3) To proceed with this action, Plaintiff Grant Molla must file an amended complaint properly pleading exhaustion of remedies within 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of January, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE