UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRANT MOLLA,
on behalf of the Gerdau Ameristeel
US 401(k) Retirement Plan, himself,
and all others similarly situated,

    Plaintiff,                      CASE NO. 8:22-cv-02094-VMC-SPF

v.

GERDAU AMERISTEEL US, INC.,

    Defendant.
_____/

## PRELIMINARY APPROVAL ORDER

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). (Doc. # 88). The Court has considered and reviewed the following materials: (a) the Motion, and the papers filed in connection therewith; and (b) the Class Action Settlement Agreement dated February 4, 2025, and the exhibits attached thereto (the "Settlement Agreement"). In addition, the Court has considered the arguments of counsel and the pleadings and record in this case. Having considered all the foregoing materials and information, the Court grants the Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3. The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Final Approval Hearing, and the dissemination of Notices to Settlement Class members, each as provided for in this Order. The Court further finds, on a preliminary basis, that the formula proposed for allocating the Distributable Settlement Fund among the Settlement Class Members is fair and reasonable.

## Class Certification for Settlement Purposes

4. The Court pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure certifies for settlement purposes the following class:

> All persons who were participants in or beneficiaries of the Gerdau Ameristeel US 401(k) Retirement Plan, from September 9, 2016, through the date the Court enters an Order granting preliminary approval of the Settlement

5. The Court hereby finds that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff is an adequate class representative and certifies

him as Class Representative for the Class, and appoints the law firms of Wenzel Fenton Cabassa, P.A. and Morgan & Morgan, P.A. as Class Counsel. Plaintiff and Class Counsel have fairly and adequately represented the Class in terms of both litigating the claims of the Class and entering into and implementing the Settlement, and have satisfied all the requirements of the Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

## Class Notice

6. The Court approves the Long Form and Short Form Postcard Settlement Notices ("Notices") in the forms attached as Exhibits B and E, respectively, to the Settlement Agreement. The Parties may make non-substantive changes to the Notices, such as filling in the applicable dates and correcting any typographical errors or addressing similar issues.

7. Defendant shall cause the current recordkeeper to provide to the Settlement Administrator the last known mailing address for each Settlement Class Member. The names and addresses provided to the Settlement Administrator pursuant to his Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

8. Within (10) days after entry of this Order, the Settlement Administrator shall cause copies of the Short Form Postcard Settlement Notice to be sent via first-class U.S. mail, postage pre-paid to each Settlement Class Member

through the notice procedure described in the Settlement Agreement. The Long Form Settlement Notice shall be made available on the Settlement Website within 14 days after entry of this Order.

9. The Court finds that the Notices to be provided as set forth in this Order are the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing, and the requested Attorneys' Fees and Expenses, to all persons affected by or entitled to participate in the Settlement in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

10. All reasonable Administrative Costs for the Settlement Administrator, Independent Fiduciary, and Escrow Agent in connection with their duties under the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

## Final Approval Hearing

11. The Court will hold a Final Approval Hearing on July 8, 2025, at 10:00 a.m. in Courtroom 14B of the Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, located at 801 North Florida Avenue, Tampa, FL 33602, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, adequate, and

4

in the best interests of the Class and should be approved by the Court; (b) to determine whether a Final Approval Order substantially in the form attached as Exhibit A to the Settlement Agreement should be entered pursuant to the terms of the Settlement, dismissing with prejudice all claims asserted in the Action against Defendant with respect to Settlement Class Member(s); (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and should be approved; (d) to determine whether the separate motion for payment of Attorneys' Fees and Expenses to Class Counsel and Case Contribution Awards for the Class Representative should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class Members as set forth in Paragraph 8 of this Order.

12. The Court may adjourn the Final Approval Hearing and approve the proposed settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

## **Appearance and Objections at Settlement Hearing**

13. The Court will consider written comments and objections to the Settlement Agreement, to the Plan of Allocation, and to the proposed award of Attorneys' Fees and Expenses and Class Representative's Case Contribution

Award, only if such written comments or objections are filed with the Court Clerk not later than 21 days before the Final Approval Hearing and comply with the requirements of Paragraph 14 below, and are served on the Parties at the following addresses:

>For Filing with the Court:
>
>United States District Court
>for the Middle District of Florida
>801 North Florida Avenue
>Tampa, FL 33602
>
>
>To Class Counsel:
>
>Brandon J. Hill
>Wenzel Fenton Cabassa, P.A.
>1110 N. Florida Ave.
>Suite 640
>Tampa, FL 33602
>Tel: 813-379-2560
>Fax: 813-229-8712
>bhill@wfclaw.com
>
>
>To Defendant's Counsel:
>
>Brett J. Preston
>Hill, Ward & Henderson, P.A.
>101 East Kennedy Blvd.
>Suite 3700
>Tampa, FL 33601
>Tel: 813-221-3900
>Fax: 813-221-2900
>brett.preston@hwhlaw.com

14. The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court Clerk and served not later than 21 days before the Final Approval Hearing and include all of the following: (a) the name and case number of the Action; (b) the Settlement Class Member's full name, address, telephone number, and signature; and (c) a statement of all comments or grounds for the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an Order from the Court. The Parties may take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

15. Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or through qualified counsel retained at their own expense. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

**Additional Issues**

16. The Court approves the retention of American Legal Claims Services, LLC as the Settlement Administrator.

17. In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiffs and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action asserting the Released Claims.

**Supporting Papers**

18. Plaintiff shall file his motion for final approval of the proposed Settlement and his motion for Attorneys' Fees and Expenses and Class Representative's Case Contribution Award no later than thirty (30) calendar days before the date for filing Objections set forth in Paragraph 14.

19. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than seven (7) calendar days before the date of the Final Approval Hearing.

20. Until otherwise ordered by the Court, the Court stays all

proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and Settlement Agreement.

21. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

**SO ORDERED** this 10th day of March, 2025.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE